IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERROL ANTHONY BENNETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-07-275-M |
| | ) |
| ALBERTO GONZALES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **ORDER**

On March 7, 2007, the Court ordered a response to the habeas petition by March 27, 2007. On March 28, 2007, the Respondent requested an extension of time until April 27, 2007. The Petitioner objects. The Court grants the Respondent an extension until April 20, 2007.

As pointed out by the Petitioner, the Respondent filed the extension request one day after the deadline had expired.[1] Thus, the availability of an extension is governed by Fed. R. Civ. P. 6(b)(2), which requires a showing of excusable neglect. Although the Respondent apparently made a mistake in filing the document one day late, the brief delay is not enough to justify the extraordinary sanction of disallowing any response to the habeas petition. Accordingly, the Court finds excusable neglect and grants an extension to the Respondent.

---

[1] As the Petitioner also points out, the certificate of service contains two clerical errors. The certificate states that the Respondent had electronically filed the document on March 7, 2007, and effected service on March 261. Obviously both dates are erroneous. The E.C.F. system reflects entry of the Respondent's extension request on March 28, 2007.

In part, the Petitioner argues that exhaustion of administrative remedies is unnecessary. Resolution of that issue would be premature at this stage. Respondent's counsel simply requested additional time in part to determine whether the Petitioner has pursued administrative remedies and, if not, whether to make an argument based on this issue. The need for Respondent's counsel to obtain the administrative record from the Immigration and Customs Enforcement Office supports the request for additional time.

Based on the Respondent's failure to timely respond, the Petitioner seeks disposition of the habeas claim based on the petition alone. There are strong policy considerations against entry of a default judgment in habeas proceedings. *See Stines v. Martin*, 849 F.2d 1323 (10th Cir. 1988). A minor delay, like the one here, would generally be insufficient to support a default judgment. *See id*. at 1324-25.

A response by the United States Attorney to the habeas petition would facilitate a meaningful determination by the Court. The Court understands that the Petitioner's underlying claim includes an allegation of indefinite detention, and time is of the essence for him. At the same time, the United States Attorney is entitled to a reasonable period of time to prepare a response to the petition. In these circumstances, the Court grants the Respondent an extension of time until April 20, 2007. This extension provides the Respondent with 24 additional days to prepare his response and would apparently give him adequate time and facilitate the Petitioner's interest in an expeditious determination of the underlying claim.

So ordered this 4th day of April, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge